[Cite as *State v. Samples*, 2023-Ohio-1186.]

STATE OF OHIO               )          IN THE COURT OF APPEALS
                           )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE            )

STATE OF OHIO                          C.A. No.      21AP0048

    Appellee

    v.                                 APPEAL FROM JUDGMENT
                                       ENTERED IN THE
NICHOLAS SAMPLES                       WAYNE COUNTY MUNICIPAL COURT
                                       COUNTY OF WAYNE, OHIO
    Appellant                          CASE No.      2020 TR-C 006544

DECISION AND JOURNAL ENTRY

Dated: April 10, 2023

---

CARR, Judge.

{¶1}   Appellant, Nicholas  Samples, appeals the judgment of the Wayne County Municipal Court.  This Court reverses and remands.

I.

{¶2}   On the morning of November 20, 2020, a Chippewa Township roadworker observed Samples hanging out the window of a van parked in a residential driveway.  Samples subsequently pulled himself into the vehicle and began to drive away in an erratic manner.  The road worker followed Samples and notified law enforcement.  Police ultimately made contact with Samples after he pulled off to the side of the road.  Samples was charged with one count of driving under the influence in violation of R.C. 4511.19(A)(1)(a).  Samples pleaded not guilty to the charge at arraignment.  The matter proceeded to a bench trial where Samples was found guilty.  The trial court imposed a community control sanction as well as a three-day jail term which could be served

by attending a 72-hour driver intervention program. The trial court further imposed a $600 fine and a 12-month license suspension.

{¶3} On appeal, Samples raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

SAMPLES['] CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW.

{¶4} In his sole assignment of error, Samples contends that his conviction for driving under the influence of drugs was not supported by sufficient evidence because the State failed to demonstrate that he was under the influence of a drug of abuse.

{¶5} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶6} Samples was convicted of driving under the influence of drugs in violation of R.C. 4511.19(A)(1)(a), which states, "[n]o person shall operate any vehicle[] * * * within this state, if, at the time of the operation[] * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Former R.C. 4506.01(M) defines "[d]rug of abuse" as "any controlled substance, dangerous drug as defined in section 4729.01 of the Revised Code, or over-the-counter

medication that, when taken in quantities exceeding the recommended dosage, can result in impairment of judgment or reflexes."

**{¶7}** At trial, the State presented evidence supporting the following narrative. On the morning of November 20, 2020, J.W. was performing his duties as a roadworker for Chippewa Township. J.W. was driving on Surface Road when he noticed a man hanging out of a van in a residential driveway. The man, who was later identified as Samples, was not moving and his head and arms were hanging out the window of the vehicle. J.W. pulled over because he feared that the man might be deceased. After two or three minutes, Samples woke up and pulled himself back into the van. Samples proceeded to reverse the van out of the driveway and drive away. Samples was driving erratically as he passed the location where J.W. was parked. J.W. followed Samples and observed Samples swerve left of center on multiple occasions. Fearing that Samples might cause an accident, J.W. called Casey Tester, the Chief of Police in Doylestown, and informed him of the situation. J.W. continued to follow Samples and provided continual updates until Chief Tester was able to locate Samples' van.

**{¶8}** Samples had pulled off the road by the time that Chief Tester was able to locate the van. Samples' van was perpendicular to the roadway. Chief Tester thought the situation looked suspicious, almost as though Samples was having trouble with his vehicle. Chief Tester observed Samples stumble as he exited the van. Samples expressed concern that he might have a flat tire. Samples appeared "very erratic, very excited, and had very exaggerated reflexes." Chief Tester testified that Samples was talkative, unsteady on his feet, and appeared to be under the influence of something. Samples acknowledged that he had recently used a vape pen. When Chief Tester inquired as to what was in the vape pen, Samples responded that it was nicotine. The vape pen was not tested for illegal substances.

{¶9}    While Chief Tester had been certified as a drug recognition expert for ten years, his certification lapsed during the COVID-19 pandemic and he was not certified at the time of the incident.  At trial, Chief Tester testified that based on his training and experience he thought Samples was under the influence of a central nervous system stimulant.  Chief Tester explained that his opinion was based on the fact that Samples was extremely talkative, had an exaggerated sense of alertness, and remained in constant motion.  Chief Tester testified central nervous system stimulants are substances that will increase your heart rate, such as cocaine, methamphetamine, and caffeine.

{¶10}   State Trooper Aaron Boggs arrived on the scene shortly after Chief Tester.  Trooper Boggs initially wondered whether Samples had a medical condition given the way his body was in constant motion.  Trooper Boggs administered a series of field sobriety tests.  Samples was able to recite the alphabet and count backwards without issue.  Trooper Boggs administered the horizontal gaze nystagmus test and did not notice anything irregular, other than the fact that Samples' eyes appeared to be pinpoint.  Trooper Boggs also administered the walk-and-turn test.  Samples remained in constant motion as Trooper Boggs explained the directions and Trooper Boggs observed four clues of impairment during the test.  When Trooper Boggs attempted to administer the one-leg stand test, Samples indicated that he understood the directions but, when placed in position, Samples simply began to walk toward Chief Tester.  Trooper Boggs concluded that Samples could not complete the test because of his constant movements.  Although Trooper Boggs testified that the field sobriety tests can be used to detect drug use, he had more experience with detecting alcohol use and he did not express an opinion as to whether Samples was under the influence of a particular drug.

{¶11} In announcing its verdict, the trial court observed that the lapsing of Chief Tester's certification did not mean that his experience should be discounted. The trial court pointed to Chief Tester's testimony that, based on an array of behaviors exhibited by Samples, Chief Tester believed that Samples was under the influence of a stimulant. The trial court found Samples guilty on the basis that the State had demonstrated that Samples was under the influence of a stimulant and thus a drug of abuse.

{¶12} On appeal, Samples challenges his conviction on the basis that the State failed to demonstrate that he was under the influence of a specific drug of abuse. Samples points to the Seventh District's recent decision in *State v. Love*, 7th Dist. Columbiana No. 21 CO 0009, 2022-Ohio-1454, ¶ 21, where the court reversed an OVI conviction under circumstances where "[t]he officers 'guessed' that Appellant's behavior and lack of body control was the result of methamphetamine use because she allegedly demonstrated behavior consistent with use of that drug." Samples further stresses the *Love* court's observation that, if law enforcement does not obtain a chemical test, then the State "face[s] a substantial burden to convict under this statute absent a clear admission to use of a specific drug of abuse or the existence of physical evidence showing a specific drug of abuse." *Id.* at ¶ 26.

{¶13} In response, the State argues that it was permitted to rely on physiological factors in order to demonstrate that Samples' ability to drive was impaired. The State further emphasizes that, even though Chief Tester's drug recognition expert certification had expired, it is well-settled that a lay witness may testify as to whether an individual is intoxicated. The State points to *State v. Strebler*, 9th Dist. Summit No. 23003, 2006-Ohio-5711, in support of the proposition that while the prosecution's reliance on physiological factors and lay-witness testimony is common in OVI

cases involving alcohol, this Court has applied the same line of reasoning in determining whether an individual is under the influence of a drug of abuse. *See id*. at ¶ 7.

{¶14} This Court has observed that R.C. 4511.19(A)(1)(a) requires the State "to do more than prove impairment in a vacuum." *State v. Collins*, 9th Dist. Wayne No. 11CA0027, 2012-Ohio-2236, ¶ 19. "R.C. 4511.19(A)(1)(a) specifically requires that the State demonstrate that the source of the defendant's impairment was 'alcohol, a drug of abuse, or a combination of them.'" *Id*. Neither officer in this case testified that Samples appeared to be under the influence of alcohol. Accordingly, the State was required to demonstrate that Samples was under the influence of a drug of abuse.

{¶15} Under the specific circumstances of this case, we are compelled to sustain Samples' sufficiency challenge. There is no dispute that Samples appeared to be impaired and that he engaged in erratic driving. Notably, however, Chief Tester's testimony that Samples appeared to be under the influence of some kind of stimulant is not akin to demonstrating that Samples was under the influence of a drug of abuse as defined by the Revised Code. Although Chief Tester identified examples of substances that qualify at stimulants, neither Chief Tester nor Officer Boggs identified the substance that might explain Samples' behavior. The State did not introduce any test results with respect to Samples himself or the vape pen in his vehicle.

{¶16} Moreover, the State's reliance on *Strebler* is misguided. *Strebler* involved a set of circumstances where the defendant admitted to using prescription Methadone and the State also introduced the testimony of a chemist who testified that the defendant's urine tested positive for Methadone. *Strebler*, 2006-Ohio-5711, at ¶ 12, 14. The defendant also produced two prescription bottles at the scene. *Id*. at ¶ 12. Thus, while this Court in *Strebler* noted that a lay witness may testify regarding whether an individual is under the influence, *id*. at ¶ 7, the State produced a litany

of evidence in that case connecting the defendant to a particular drug of abuse. *See id.* at ¶ 12, 14. By contrast, the State here relied solely on Chief Tester's observation that, based on his observations, Samples appeared to be under the influence of some type of stimulant.

{¶17}  Samples' assignment of error is sustained.

### III.

{¶18}  Samples' sole assignment of error is sustained.  The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BRIANNA DIETRY, Assistant Prosecuting Attorney, for Appellee.